## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| **MELINDA RENEA VAUGHN,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | **No. 1:18-CV-78** |
| | ) | **REEVES/STEGER** |
| **ANDREW SAUL, Commissioner** | ) | |
| **of Social Security Administration,** | ) | |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM OPINION

Plaintiff, Melinda Renea Vaughn, filed this social security appeal on April 27, 2018. On January 7, 2020, Vaughn was ordered to show cause in writing within 14 days why this case should not be dismissed for failure to prosecute. [Doc. 8]. Vaughn has not responded to the Court's order. Consequently, this action will be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for want of prosecution and for failure to comply with the court's order.

### I.     BACKGROUND

Vaughn, through counsel, filed this social security appeal on April 27, 2018 and moved for leave to proceed *in forma pauperis*. [Doc. 1, 2]. The Court granted leave to proceed *in forma pauperis*, [D. 5], and summons were issued on May 7, 2018 [Doc. 6]. Along with the issuance of summons, the Court issued a notice, informing Vaughn that, although the United States Marshal would effectuate service, since she had been granted *in forma pauperis* status, she was nonetheless responsible for the preparation of service packets for each defendant. [Doc. 7]. The notice contained instructions on how to prepare the service packets, and where to send the packets. [*Id.*].

As of January 7, 2020, Vaughn had not filed the required service packets and was ordered to show cause in writing within 14 days why this case should not be dismissed for failure to prosecute. Vaughn has not responded to the Court's order.

## II.    ANALYSIS

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).

In determining whether a Rule 41(b) involuntary dismissal is warranted, the court considers four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 737 (citation omitted). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of

delay or contumacious conduct.'" *Id.* Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004) (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

The Court will review each factor in turn.

### A. Fault

A plaintiff demonstrates bad faith, willfulness, or fault when they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quotation omitted). Even absent bad faith, failure to comply with court orders reflects "willfulness and fault" for purposes of Rule 41(b). *See, e.g.*, *Lannom v. Soc. Sec. Admin.*, No. 1:18-CV-00069, 2019 WL 5101168, at *2 (M.D. Tenn. Oct. 11, 2019); *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017).

Here, it is clear that Vaughn's failure to comply with the Court's Show Cause Order is due to her own willfulness and fault. Vaughn was informed that, though she received *in forma pauperis* status, she was responsible for the preparation of service packets. [Doc. 7]. It has now been twenty-one months since that notice was issued, and Vaughn has not returned the service packets or inquired further if she was unclear on the service packet requirements.

### B. Prejudice

"A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated

to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc*., 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same).

Here, because service was not issued, the Court can discern no significant prejudice to the defendant based on Vaughn's failure to comply with the Court's order, and this factor in and of itself would not weigh in favor of dismissal.

## C.  Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998).

Here, the record reflects that Vaughn was expressly warned that, should she fail to timely comply with the Court's show cause order, her complaint would be dismissed for failure to prosecute without further notice.  [Doc. 7].

## D.  Other Sanctions

Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5.

Here, the Court finds that alternative sanctions would not be effective.  Vaughn's failure to respond to the show cause order strongly suggests that any further attempts to prod her into compliance with the Court's orders and instructions through the imposition of a lesser sanction than dismissal would be futile.  Vaughn was given the necessary instructions to allow the United States Marshal to effectuate service, but she has not done so and has not monitored the progress of the case.

For the foregoing reasons, the Court concludes that the relevant factors weigh in favor of

an involuntary dismissal of this action pursuant to Rule 41(b) based upon plaintiff's non-compliance with the court's previous order. *Schafer*, 529 F.3d at 736.

### III.     CONCLUSION

Accordingly, for the foregoing reasons, this action will be **DISMISSED without prejudice** for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**ORDER TO FOLLOW**.

_____

**CHIEF UNITED STATES DISTRICT JUDGE**